IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE BOTTLE RECYCLING LLC, ) | Case No. 12-cv-01924-SC |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | EX PARTE MOTION FOR |
| v. ) | JURISDICTIONAL DISCOVERY |
| ) | |
| NIAGRA SYSTEMS LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now before the Court is Plaintiff Wine Bottle Recycling LLC's ("Plaintiff") ex parte motion for jurisdictional discovery. ECF No. 35 ("Ex Parte Mot."). The Ex Parte Motion is far from a model of clarity. Plaintiff does not cite to case law concerning jurisdictional discovery and otherwise fails to enunciate the standard for granting or denying a motion for such discovery. Indeed, Plaintiff's entire legal argument appears to boil down to the circular and conclusory contention that Plaintiff is entitled to jurisdictional discovery because Plaintiff has requested it. See Ex Parte Mot. at 5-6.

Requests for jurisdictional discovery should normally be granted where "pertinent facts bearing on the question of

jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quotations omitted). On the other hand, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . ." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995).

In this case, it is unclear whether pertinent facts are controverted, whether a more satisfactory showing is necessary, or what Plaintiff needs to obtain from jurisdictional discovery. Further, since Plaintiff contends that it has already established the prima facie showing of jurisdiction necessary to survive a Rule 12(b)(2) motion to dismiss, Ex Parte Mot. at 2, 5, it is unclear why jurisdictional discovery is necessary at all. See Martinez v. Manheim Cent. California, 1:10-CV-01511-SKO, 2011 WL 1466684, at *2 (E.D. Cal. Apr. 18, 2011) ("Where the court makes its determination on the basis of the pleadings and affidavits, a plaintiff need only make a prima facie showing of jurisdiction [to survive a Rule 12(b)(2) motion].").

The Ex Parte Motion is also procedurally improper. Contrary to Civil Local Rule 7-10, Plaintiff has failed to cite a statute, Federal Rule, local rule, or Standing Order which would authorize it to proceed ex parte. Additionally, granting Plaintiff's motion would unnecessarily delay the adjudication of Defendants' motion to dismiss for lack of personal jurisdiction, which has been pending for almost six months. See ECF No. 12.

1    For the foregoing reasons, Plaintiff's Ex Parte Motion for
2 jurisdictional discovery is DENIED without prejudice.  Plaintiff
3 may again request jurisdictional discovery through its opposition
4 to Defendants' pending motion to dismiss for lack of personal
5 jurisdiction.  Any future requests for jurisdictional discovery
6 shall be made in a manner consistent with the guidance set forth in
7 this Order.

9    IT IS SO ORDERED.

11   Dated: January 11, 2013            
12                                      UNITED STATES DISTRICT JUDGE

3