IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE BOTTLE RECYCLING, LLC, | ) Case No. 12-1924 SC<br>)<br>) ORDER GRANTING MOTION FOR<br>) <u>JUDGMENT ON THE PLEADINGS</u> |
| Plaintiff, | ) |
| v. | ) |
| NIAGARA SYSTEMS LLC, et al., | ) |
| Defendants. | ) |

## I. INTRODUCTION

Now before the Court are the above-captioned Defendants' motion for judgment on the pleadings, ECF No. 65 ("MJP"), and their renewed motion to dismiss Plaintiff Wine Bottle Recycling LLC's ("Plaintiff") First Amended Complaint for lack of personal jurisdiction, ECF Nos. 10 ("FAC"), 64 ("MTD"). Defendants also move to strike Plaintiff's opposition for being untimely, irrelevant, and including falsified documents. ECF No. 75 ("MTS"). The motions are fully briefed.[1] They are also suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the

---

[1] ECF Nos. 77 ("Opp'n to MJP"), 78 ("Opp'n to MTD"), 79 ("Reply ISO MTD"), 80 ("Reply ISO MJP").

reasons explained below, the Court GRANTS Defendants' motion for judgment on the pleadings. Plaintiff recently filed a motion for leave to file a second amended complaint, ECF No. 82 ("Mot. for Leave"), which the Court GRANTS subject to the limitations described below.

## II. BACKGROUND

The parties are familiar with the facts. A brief procedural summary follows. The operative pleading remains Plaintiff's FAC, filed on May 30, 2012, which asserted seven causes of action against Defendants: (1) intentional misrepresentation, (2) concealment, (3) negligent misrepresentation, (4) negligence in product design and installation, (5) breach of implied warranties of merchantability and fitness, (6) negligent interference with a contractual relationship, and (7) intentional interference with prospective advantage. Defendants moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

The Court granted both motions in part, dismissing Plaintiff's claims for negligent misrepresentation and intentional interference with prospective advantage. See ECF No. 58 ("Order I") at 24-25. Plaintiff abandoned its claim for negligent interference with a contractual relationship. Id. The Court also dismissed Plaintiff's claims against all named Defendants except South Shore Systems LLC ("South Shore") and S.A. Langmack Company's (a.k.a. "Niagara Custom Built Manufacturing Company") ("NCB"), as to which the Court granted Plaintiff leave to pursue jurisdictional discovery. Id. That discovery closed in June 2013, and Defendants now renew their Rule 12(b)(2) motion to dismiss and also move for

2

judgment on the pleadings under Rule 12(c).

### III. DISCUSSION

#### a. Motion to Strike

First, there is the preliminary matter of whether to strike Plaintiff's opposition brief and its attachments. The original deadline for Plaintiff's opposition was August 22 for the motion to dismiss and August 23 for the motion for judgment on the pleadings. On August 22, the parties stipulated to extend the deadline for Defendants' opposition briefs to August 23 and the Court signed the stipulation on the following day. ECF Nos. 66 ("Stip."), 67 ("Order on Stip.").[2] On August 24, Plaintiff filed two copies of an obviously incomplete brief, with each copy containing different exhibits; several excerpts from depositions; and a request for judicial notice that included several uncertified depositions and Plaintiff's counsel's summary of depositions. ECF Nos. 68 ("Incomplete Br. I"), 69 ("Pl.'s RJN"), 70 ("Incomplete Br. II"). On August 25, Plaintiff filed two more opposition briefs, these more complete than the previous two, along with more uncertified exhibits. ECF Nos. 71 ("Incomplete Br. III"), 73 ("Incomplete Br. IV"), 74 ("Incomplete Br. V"). With those filings, Plaintiff also included a certificate of service indicating that Defendants had been served with Plaintiff's opposition brief and all of the necessary papers on August 23, 2013. ECF No. 72 ("Cert. of Service").

---

[2] The stipulation indicated that the late-filed brief would be the opposition to the motion for judgment on the pleadings, but that brief's deadline was already August 23. Nevertheless, the parties seemed to have reached an understanding that both opposition briefs were to be filed on that day. See MTS at 2.

3

On August 26, Defendants moved to strike all of these papers as late, procedurally improper, and falsified. See generally MTS. Plaintiff filed short oppositions to that motion, which explained (among other things) that Plaintiff had made several mistakes in filing documents and that Plaintiff's counsel had been late to file certain documents for health reasons. See ECF Nos. 77, 78. Plaintiff also filed a purportedly corrected certificate of service, which appears to be a copy of one of Defendants' previously filed certificates of service. See ECF No. 77-3.

The Court is generally averse to granting motions to strike papers that have already been filed, given the Court's strong preference for deciding motions on the merits, but in this case Plaintiff's behavior is egregious. Plaintiff has long been on notice that it is to file briefs on time and in accord with the rules of procedure and evidence. See Order I at 25. The Court is mindful of Plaintiff's counsel's health and scheduling problems, but all lawyers on this case know that communication, planning, and (if necessary) stipulations or motions can curb the harshness of unexpected scheduling difficulties. Plaintiff's history of improper filings in this case, after Plaintiff has already been put on notice by the Court, is inexcusable at this point in litigation, and the Court does not find Plaintiff's objections compelling under the circumstances. Allowing Plaintiff to continue to skirt the rules is inimical to the work of the Court and prejudicial to Defendants.

The Court declines to sanction Plaintiff, but the Court STRIKES all of Plaintiff's improper filings and considers Defendants' Rule 12(b)(2) motion to dismiss unopposed. Having read

4

and considered that motion, the Court GRANTS it and DISMISSES Plaintiff's claims against South Shore and NCB.

### b. Judgment on the Pleadings

Defendants also move for judgment on the pleadings as to the FAC's remaining causes of action -- intentional misrepresentation, negligence, and breach of warranty -- stating that the economic loss doctrine bars them all. According to Defendants, Plaintiff's attempt to recover for contract claims in tort bars their causes of action because their alleged harms are based solely on Defendants' purported violation of the underlying contract.

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Moreover, a motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss, and thus the pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009); see also United States ex rel Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citing Johnson). A claim is plausible on its face when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

United States District Court
For the Northern District of California

(2007)).

#### c. The Economic Loss Rule

The economic loss rule, in summary, "is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." Oracle USA, Inc. v. XL Global Services, Inc., C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009). This rule serves to prevent every breach of a contract from giving rise to tort liability and the threat of punitive damages: "Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." Robinson Helicopter, 34 Cal. 4th at 988 (internal quotation marks and brackets omitted). Limiting recovery to contract damages makes it easier for parties to "estimate in advance the financial risks of their enterprise." Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 106 (Cal. 1995) (quoting Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (Cal. 1994)); Foley v. Interactive Data Corp., 47 Cal. 3d 654, 694 (Cal. 1988). As a result, the rule is particularly applicable when a party alleges "commercial activities that negligently or inadvertently [went] awry." Robinson, 34 Cal. 4th at 991 n.7.

#### d. Exceptions to the Economic Loss Rule

California's economic loss rule has exceptions that fall into two broad categories. The first category applies to products liability cases, where the California rule first arose. Robinson, 34 Cal. 4th at 991 n.7. In the products liability context, the rule may be overcome by allegations of "personal injury or damages to other property [besides the defective product]." Id. at 988

6

(internal quotations and citations omitted).

California's economic loss rule has a second category of exceptions for breach of a noncontractual duty. These exceptions require the breach of a tort duty apart from the general duty not to act negligently. Id. at 988. Indeed, "[i]f every negligent breach of a contract gives rise to tort damages, the [rule] would be meaningless, as would the statutory distinction between tort and contract remedies." Id. at 990 (quoting Erlich v. Menezes, 21 Cal. 4th 543, at 553-554 (Cal. 1999)). Therefore the California Supreme Court emphasizes that courts should focus on intentional conduct when considering whether to allow an exception to the rule. Id. 21 That Court has likewise admonished courts to "comprehensively . . . consider the implications of their holdings" before allowing tort claims to invade contractual relationships. Foley, 47 Cal. 3d at 688.

California courts have found exceptions to the economic loss rule in the noncontractual duty category where the conduct also (1) breaches a duty imposed by some types of "special" or "confidential" relationships; (2) breaches a "duty" not to commit certain intentional torts; or (3) was committed "intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." Robinson, 34 Cal. 4th at 990 (citing and quoting Erlich, 21 Cal. 4th at 553-554).

### e. The Economic Loss Rule Bars Plaintiff's Claims

The Court finds that the economic loss rule bars Plaintiff's intentional misrepresentation, concealment, breach of warranty, and negligence claims. Those claims do not seek to do anything but

7

protect Plaintiff's bargained-for expectations.

The core of Plaintiff's intentional misrepresentation claim is that Defendants did not supply a bottle-washing machine that suited Plaintiff.  See FAC ¶¶ 17-19.  Alleging that Defendants knew they would not supply such a machine, or that they did not have the know-how to build the machine, does not change this analysis, since the facts contradict Plaintiff's allegations.  Plaintiff's employees' declarations, which point out that Plaintiff did diligence in contracting with Defendants, indicate that Plaintiff's allegations refer at most a failure to meet the contractual standard, not fraud.  See, e.g., ECF No. 39 ("Stephens Decl. I") ¶¶ 4-6, 8-10; ECF No. 51 ("Ronson Decl." ¶¶ 3-8, 10, 12).  Further, all of Defendants' purported misrepresentations only concern whether they would perform what the contract said they would do: deliver a working machine on time.  See FAC ¶¶ 16-27.  More tellingly, Plaintiff's damages are based on allegedly inadequate value, costs of repair and replacement, and lost profits, with no claims for personal injury or damages to other property.  Robinson, 34 Cal. 4th at 988.  Such a claim is barred by the economic loss rule, and to permit it would invite every putative contract plaintiff to duplicate their breach claims in tort.

Similarly, Plaintiff's concealment claim seeks only to vindicate Plaintiff's bargained-for expectations.  And as above, the facts that Plaintiff's employees state contravene Plaintiff's allegations of fraudulent omission and concealment.  Coupled with Plaintiff's failure to properly put other facts before the Court, these deficiencies indicate that Plaintiff's second fraud claim is nothing more than Plaintiff's attempt to plead a contract claim in

tort. All of the omissions Plaintiff alleges relate exclusively to Defendants' performance of the contract. See FAC ¶¶ 28-35, and the Court finds that permitting this work-around pleading would open the door to all manner of tort claims based only on whether a defendant would and could do what the contract said -- e.g., fill an order for a working machine on time. And as above, Plaintiff's damages are solely economic. Robinson, 34 Cal. 4th at 988. The economic loss rule bars this claim.

Plaintiff's negligence claim also fails. Plaintiff alleges that the machine's water tank could not bear the weight of its contents; the caustic chemicals used for bottle-washing damaged the machine's filters; the machine expelled caustic chemicals (instead of clean water) into the overflow system; and the machine's drive system and auto-loader did not work. See FAC ¶ 47. Plaintiff asserts that these failures amount to negligence in Defendants' design and manufacturing of the bottle-washing machine. Id. ¶¶ 44-49. However, Plaintiff fails to plead any breach of a tort duty apart from a general duty to act negligently, and as the California Supreme Court has stated, "[i]f every negligent breach of a contract gives rise to tort damages, the [rule] would be meaningless, as would the statutory distinction between tort and contract remedies." Robinson, 34 Cal. 4th at 988 (citing Erlich, 21 Cal. 4th at 553-54); see also East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 870 (1986) ("[L]oss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain-traditionally the core concern of contract law.").

Moreover, Plaintiff has not pled any physical harm or damage

9

to a third party's property.  Plaintiff's negligence-related damages are based solely on repair and replacement costs, related to Plaintiff's own property, and consequential damages.  See FAC ¶¶ 48-49.  The economic loss rule bars these purely contractual, economic damages.  See In re iPhone Application Litig., 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) ("Purely economic damages to a plaintiff which stem from disappointed expectations from a commercial transaction must be addressed through contract law; negligence is not a viable cause of action for such claims.").

    Plaintiff's breach of implied warranties claim is also barred by the economic loss doctrine.  In it, Plaintiff essentially only alleges that the machine it got did not work, thereby depriving it of the benefit of its bargain, and requests purely economic damages.  This is a bare contract claim brought in the guise of a tort claim.  The economic loss rule accordingly bars it.  See East River S.S. Corp, 476 U.S. at 870; Apollo Group, Inc. v. Avnet, Inc., 58 F.3d 477, 481 (9th Cir. 1995) (common law warranty claim seeking economic damages is barred by the economic loss rule).

    Finally, the Court does not find that any exceptions to the economic loss rule apply.  See Robinson, 34 Cal. 4th at 988-89.  Plaintiff has not pled any special or confidential relationships, physical injuries, harms to a third party, breaches of a duty not to commit intentional torts, violation of any social policy, or reckless or intentional causation of unmitigable harms.  Id. at 990 (citing Erlich, 21 Cal. 4th at 553-554).  In keeping with the California Supreme Court's instruction that the Court "comprehensively . . . consider the implications of [its] holdings" before allowing tort claims to invade contractual relationships,

10

Foley, 47 Cal. 3d at 688, the Court also finds that to allow tort claims in this case would impermissibly blur the distinction between tort and contract, and encourage every putative contract plaintiff to piggyback conclusory fraud claims atop what should rightly be a contract case.

The Court GRANTS Defendants' motion for judgment on the pleadings as to Plaintiff's intentional misrepresentation, concealment, and breach of warranty claims. The Court notes that this holding does not preclude Plaintiff from recovering for its economic losses. It only makes clear that the Plaintiff must recover them in contract, not tort.

### f. **Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff filed a motion for leave to file a second amended complaint ("SAC"), despite the fact that the Court had not yet ruled on Defendants' pending motions. This Plaintiff may do, and the Court gives Plaintiff leave to file an amended complaint subject to the following limitations: (1) Plaintiff may not add South Shore, NCB, or any individuals as defendants; (2) Plaintiff may only plead a breach of contract claim. Plaintiff's proposed SAC does not comport with these limitations. However, Plaintiff may file another SAC that does.

### IV. CONCLUSION

For the reasons explained above, Defendants South Shore Systems LLC and S.A. Langmack Company's (a.k.a. "Niagara Custom Built Manufacturing Company") motion to dismiss Plaintiff Wine

11

Bottle Recycling LLC's First Amended Complaint for lack of personal jurisdiction is GRANTED as to those Defendants.

Defendants' motion for judgment on the pleadings is GRANTED, but as noted above, the Court grants Plaintiff leave to file a second amended complaint subject to this Order's guidance.

Plaintiff is doubly on notice of the requirement that it follow the rules of procedure as this case proceeds. Failure to do so may result in Rule 11 sanctions and dismissal of this case with prejudice.

IT IS SO ORDERED.

Dated: September 26, 2013

_____
UNITED STATES DISTRICT JUDGE