United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                    )  Case No. 12-1924 SC
9                                   )
WINE BOTTLE RECYCLING, LLC,         )  ORDER GRANTING MOTION FOR
10                                  )  JUDGMENT ON THE PLEADINGS
             Plaintiff,             )
11                                  )
      v.                            )
12                                  )
NIAGARA SYSTEMS LLC, et al.,        )
13                                  )
             Defendants.            )
14 ─────────────────────────────────)

15

16

17   **I.    INTRODUCTION**

18        Now before the Court are the above-captioned Defendants'

19   motion for judgment on the pleadings, ECF No. 65 ("MJP"), and their

20   renewed motion to dismiss Plaintiff Wine Bottle Recycling LLC's

21   ("Plaintiff") First Amended Complaint for lack of personal

22   jurisdiction, ECF Nos. 10 ("FAC"), 64 ("MTD").  Defendants also

23   move to strike Plaintiff's opposition for being untimely,

24   irrelevant, and including falsified documents.  ECF No. 75 ("MTS").

25   The motions are fully briefed.[1]  They are also suitable for

26   resolution without oral argument.  Civ. L.R. 7-1(b).  For the

27   ─────────────────────

28   [1] ECF Nos. 77 ("Opp'n to MJP"), 78 ("Opp'n to MTD"), 79 ("Reply ISO MTD"), 80 ("Reply ISO MJP").

**United States District Court**
For the Northern District of California

1   reasons explained below, the Court GRANTS Defendants' motion for

2   judgment on the pleadings.   Plaintiff recently filed a motion for

3   leave to file a second amended complaint, ECF No. 82 ("Mot. for

4   Leave"), which the Court GRANTS subject to the limitations

5   described below.

6

7   **II.     BACKGROUND**

8       The parties are familiar with the facts.   A brief procedural

9   summary follows.   The operative pleading remains Plaintiff's FAC ,

10  filed on May 30, 2012, which asserted seven causes of action

11  against Defendants: (1) intentional misrepresentation, (2)

12  concealment, (3) negligent misrepresentation, (4) negligence in

13  product design and installation, (5) breach of implied warranties

14  of merchantability and fitness, (6) negligent interference with a

15  contractual relationship, and (7) intentional interference with

16  prospective advantage.   Defendants moved to dismiss the FAC under

17  Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

18      The Court granted both motions in part, dismissing Plaintiff's

19  claims for negligent misrepresentation and intentional interference

20  with prospective advantage.   See ECF No. 58 ("Order I") at 24-25.

21  Plaintiff abandoned its claim for negligent interference with a

22  contractual relationship.   Id.   The Court also dismissed

23  Plaintiff's claims against all named Defendants except South Shore

24  Systems LLC ("South Shore") and S.A. Langmack Company's (a.k.a.

25  "Niagara Custom Built Manufacturing Company") ("NCB"), as to which

26  the Court granted Plaintiff leave to pursue jurisdictional

27  discovery.   Id.   That discovery closed in June 2013, and Defendants

28  now renew their Rule 12(b)(2) motion to dismiss and also move for

**United States District Court**
For the Northern District of California

1  judgment on the pleadings under Rule 12(c).

2

3  **III.   DISCUSSION**

4            **a.   Motion to Strike**

5       First, there is the preliminary matter of whether to strike

6  Plaintiff's opposition brief and its attachments.  The original

7  deadline for Plaintiff's opposition was August 22 for the motion to

8  dismiss and August 23 for the motion for judgment on the pleadings.

9  On August 22, the parties stipulated to extend the deadline for

10 Defendants' opposition briefs to August 23 and the Court signed the

11 stipulation on the following day.  ECF Nos. 66 ("Stip."), 67

12 ("Order on Stip.").[2]  On August 24, Plaintiff filed two copies of

13 an obviously incomplete brief, with each copy containing different

14 exhibits; several excerpts from depositions; and a request for

15 judicial notice that included several uncertified depositions and

16 Plaintiff's counsel's summary of depositions.  ECF Nos. 68

17 ("Incomplete Br. I"), 69 ("Pl.'s RJN"), 70 ("Incomplete Br. II").

18 On August 25, Plaintiff filed two more opposition briefs, these

19 more complete than the previous two, along with more uncertified

20 exhibits.  ECF Nos. 71 ("Incomplete Br. III"), 73 ("Incomplete Br.

21 IV"), 74 ("Incomplete Br. V").  With those filings, Plaintiff also

22 included a certificate of service indicating that Defendants had

23 been served with Plaintiff's opposition brief and all of the

24 necessary papers on August 23, 2013.  ECF No. 72 ("Cert. of

25 Service").

26 ─────────────────
   [2] The stipulation indicated that the late-filed brief would be the
27 opposition to the motion for judgment on the pleadings, but that
   brief's deadline was already August 23.  Nevertheless, the parties
28 seemed to have reached an understanding that both opposition briefs
   were to be filed on that day.  See MTS at 2.

3

**United States District Court**
For the Northern District of California

1    On August 26, Defendants moved to strike all of these papers

2  as late, procedurally improper, and falsified.  See generally MTS.

3  Plaintiff filed short oppositions to that motion, which explained

4  (among other things) that Plaintiff had made several mistakes in

5  filing documents and that Plaintiff's counsel had been late to file

6  certain documents for health reasons.  See ECF Nos. 77, 78.

7  Plaintiff also filed a purportedly corrected certificate of

8  service, which appears to be a copy of one of Defendants'

9  previously filed certificates of service.  See ECF No. 77-3.

10    The Court is generally averse to granting motions to strike

11  papers that have already been filed, given the Court's strong

12  preference for deciding motions on the merits, but in this case

13  Plaintiff's behavior is egregious.  Plaintiff has long been on

14  notice that it is to file briefs on time and in accord with the

15  rules of procedure and evidence.  See Order I at 25.  The Court is

16  mindful of Plaintiff's counsel's health and scheduling problems,

17  but all lawyers on this case know that communication, planning, and

18  (if necessary) stipulations or motions can curb the harshness of

19  unexpected scheduling difficulties.  Plaintiff's history of

20  improper filings in this case, after Plaintiff has already been put

21  on notice by the Court, is inexcusable at this point in litigation,

22  and the Court does not find Plaintiff's objections compelling under

23  the circumstances.  Allowing Plaintiff to continue to skirt the

24  rules is inimical to the work of the Court and prejudicial to

25  Defendants.

26    The Court declines to sanction Plaintiff, but the Court

27  STRIKES all of Plaintiff's improper filings and considers

28  Defendants' Rule 12(b)(2) motion to dismiss unopposed.  Having read

1    and considered that motion, the Court GRANTS it and DISMISSES

2    Plaintiff's claims against South Shore and NCB.

3              **b.  Judgment on the Pleadings**

4         Defendants also move for judgment on the pleadings as to the

5    FAC's remaining causes of action -- intentional misrepresentation,

6    negligence, and breach of warranty -- stating that the economic

7    loss doctrine bars them all.  According to Defendants, Plaintiff's

8    attempt to recover for contract claims in tort bars their causes of

9    action because their alleged harms are based solely on Defendants'

10   purported violation of the underlying contract.

11        "After the pleadings are closed -- but early enough not to

12   delay trial -- a party may move for judgment on the pleadings."

13   Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when

14   the moving party clearly establishes on the face of the pleadings

15   that no material issue of fact remains to be resolved and that it

16   is entitled to judgment as a matter of law."  Hal Roach Studios,

17   Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.

18   1989).  Moreover, a motion for judgment on the pleadings is subject

19   to the same standard of review as a motion to dismiss, and thus the

20   pleading must contain sufficient factual matter, accepted as true,

21   to state a claim to relief that is plausible on its face.  Johnson

22   v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009); see also United States

23   ex rel Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047,

24   1055 n.4 (9th Cir. 2011) (citing Johnson).  A claim is plausible on

25   its face when the plaintiff pleads "factual content that allows the

26   court to draw the reasonable inference that the defendant is liable

27   for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937,

28   1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

**United States District Court**
For the Northern District of California

5

1   (2007)).

2         **c.**    <u>**The Economic Loss Rule**</u>

3        The economic loss rule, in summary, "is that no tort cause of

4   action will lie where the breach of duty is nothing more than a

5   violation of a promise which undermines the expectations of the

6   parties to an agreement." <u>Oracle USA, Inc. v. XL Global Services,</u>

7   <u>Inc.</u>, C 09-00537 MHP, 2009 WL 2084154, at \*4 (N.D. Cal. July 13,

8   2009).  This rule serves to prevent every breach of a contract from

9   giving rise to tort liability and the threat of punitive damages:

10  "Quite simply, the economic loss rule prevents the law of contract

11  and the law of tort from dissolving one into the other." <u>Robinson</u>

12  <u>Helicopter</u>, 34 Cal. 4th at 988 (internal quotation marks and

13  brackets omitted).  Limiting recovery to contract damages makes it

14  easier for parties to "estimate in advance the financial risks of

15  their enterprise." <u>Freeman & Mills, Inc. v. Belcher Oil Co.</u>, 11

16  Cal. 4th 85, 106 (Cal. 1995) (quoting <u>Applied Equip. Corp. v.</u>

17  <u>Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 515 (Cal. 1994)); <u>Foley</u>

18  <u>v. Interactive Data Corp.</u>, 47 Cal. 3d 654, 694 (Cal. 1988).  As a

19  result, the rule is particularly applicable when a party alleges

20  "commercial activities that negligently or inadvertently [went]

21  awry." <u>Robinson</u>, 34 Cal. 4th at 991 n.7.

22        **d.**    <u>**Exceptions to the Economic Loss Rule**</u>

23       California's economic loss rule has exceptions that fall into

24  two broad categories. The first category applies to products

25  liability cases, where the California rule first arose. <u>Robinson</u>,

26  34 Cal. 4th at 991 n.7.  In the products liability context, the

27  rule may be overcome by allegations of "personal injury or damages

28  to other property [besides the defective product]." <u>Id.</u> at 988

**United States District Court**
For the Northern District of California

1  (internal quotations and citations omitted).

2      California's economic loss rule has a second category of

3  exceptions for breach of a noncontractual duty.  These exceptions

4  require the breach of a tort duty apart from the general duty not

5  to act negligently.  Id. at 988.  Indeed, "[i]f every negligent

6  breach of a contract gives rise to tort damages, the [rule] would

7  be meaningless, as would the statutory distinction between tort and

8  contract remedies."  Id. at 990 (quoting Erlich v. Menezes, 21 Cal.

9  4th 543, at 553-554 (Cal. 1999)).  Therefore the California Supreme

10 Court emphasizes that courts should focus on intentional conduct

11 when considering whether to allow an exception to the rule.  Id. 21

12 That Court has likewise admonished courts to "comprehensively . . .

13 consider the implications of their holdings" before allowing tort

14 claims to invade contractual relationships.  Foley, 47 Cal. 3d at

15 688.

16     California courts have found exceptions to the economic loss

17 rule in the noncontractual duty category where the conduct also (1)

18 breaches a duty imposed by some types of "special" or

19 "confidential" relationships; (2) breaches a "duty" not to commit

20 certain intentional torts; or (3) was committed "intending or

21 knowing that such a breach will cause severe, unmitigable harm in

22 the form of mental anguish, personal hardship, or substantial

23 consequential damages."  Robinson, 34 Cal. 4th at 990 (citing and

24 quoting Erlich, 21 Cal. 4th at 553-554).

25          **e.    The Economic Loss Rule Bars Plaintiff's Claims**

26     The Court finds that the economic loss rule bars Plaintiff's

27 intentional misrepresentation, concealment, breach of warranty, and

28 negligence claims.  Those claims do not seek to do anything but

**United States District Court**
For the Northern District of California

1  protect Plaintiff's bargained-for expectations.

2      The core of Plaintiff's intentional misrepresentation claim is

3  that Defendants did not supply a bottle-washing machine that suited

4  Plaintiff.  See FAC ¶¶ 17-19.  Alleging that Defendants knew they

5  would not supply such a machine, or that they did not have the

6  know-how to build the machine, does not change this analysis, since

7  the facts contradict Plaintiff's allegations.  Plaintiff's

8  employees' declarations, which point out that Plaintiff did

9  diligence in contracting with Defendants, indicate that Plaintiff's

10  allegations refer at most a failure to meet the contractual

11  standard, not fraud.  See, e.g., ECF No. 39 ("Stephens Decl. I") ¶¶

12  4-6, 8-10; ECF No. 51 ("Ronson Decl." ¶¶ 3-8, 10, 12).  Further,

13  all of Defendants' purported misrepresentations only concern

14  whether they would perform what the contract said they would do:

15  deliver a working machine on time.  See FAC ¶¶ 16-27.  More

16  tellingly, Plaintiff's damages are based on allegedly inadequate

17  value, costs of repair and replacement, and lost profits, with no

18  claims for personal injury or damages to other property.  Robinson,

19  34 Cal. 4th at 988.  Such a claim is barred by the economic loss

20  rule, and to permit it would invite every putative contract

21  plaintiff to duplicate their breach claims in tort.

22      Similarly, Plaintiff's concealment claim seeks only to

23  vindicate Plaintiff's bargained-for expectations.  And as above,

24  the facts that Plaintiff's employees state contravene Plaintiff's

25  allegations of fraudulent omission and concealment.  Coupled with

26  Plaintiff's failure to properly put other facts before the Court,

27  these deficiencies indicate that Plaintiff's second fraud claim is

28  nothing more than Plaintiff's attempt to plead a contract claim in

United States District Court
For the Northern District of California

1   tort.  All of the omissions Plaintiff alleges relate exclusively to

2   Defendants' performance of the contract.  See FAC ¶¶ 28-35, and the

3   Court finds that permitting this work-around pleading would open

4   the door to all manner of tort claims based only on whether a

5   defendant would and could do what the contract said -- e.g., fill

6   an order for a working machine on time.  And as above, Plaintiff's

7   damages are solely economic.  Robinson, 34 Cal. 4th at 988.  The

8   economic loss rule bars this claim.

9       Plaintiff's negligence claim also fails.  Plaintiff alleges

10  that the machine's water tank could not bear the weight of its

11  contents; the caustic chemicals used for bottle-washing damaged the

12  machine's filters; the machine expelled caustic chemicals (instead

13  of clean water) into the overflow system; and the machine's drive

14  system and auto-loader did not work.  See FAC ¶ 47.  Plaintiff

15  asserts that these failures amount to negligence in Defendants'

16  design and manufacturing of the bottle-washing machine.  Id. ¶¶ 44-

17  49.  However, Plaintiff fails to plead any breach of a tort duty

18  apart from a general duty to act negligently, and as the California

19  Supreme Court has stated, "[i]f every negligent breach of a

20  contract gives rise to tort damages, the [rule] would be

21  meaningless, as would the statutory distinction between tort and

22  contract remedies."  Robinson, 34 Cal. 4th at 988 (citing Erlich,

23  21 Cal. 4th at 553-54); see also East River S.S. Corp. v.

24  Transamerica Delaval, Inc., 476 U.S. 858, 870 (1986) ("[L]oss due

25  to repair costs, decreased value, and lost profits is essentially

26  the failure of the purchaser to receive the benefit of its bargain-

27  traditionally the core concern of contract law.").

28      Moreover, Plaintiff has not pled any physical harm or damage

**United States District Court**
For the Northern District of California

1   to a third party's property.  Plaintiff's negligence-related

2   damages are based solely on repair and replacement costs, related

3   to Plaintiff's own property, and consequential damages.  See FAC ¶¶

4   48-49.  The economic loss rule bars these purely contractual,

5   economic damages.  See In re iPhone Application Litig., 844 F.

6   Supp. 2d 1040, 1064 (N.D. Cal. 2012) ("Purely economic damages to a

7   plaintiff which stem from disappointed expectations from a

8   commercial transaction must be addressed through contract law;

9   negligence is not a viable cause of action for such claims.").

10        Plaintiff's breach of implied warranties claim is also barred

11  by the economic loss doctrine.  In it, Plaintiff essentially only

12  alleges that the machine it got did not work, thereby depriving it

13  of the benefit of its bargain, and requests purely economic

14  damages.  This is a bare contract claim brought in the guise of a

15  tort claim.  The economic loss rule accordingly bars it.  See East

16  River S.S. Corp, 476 U.S. at 870; Apollo Group, Inc. v. Avnet,

17  Inc., 58 F.3d 477, 481 (9th Cir. 1995) (common law warranty claim

18  seeking economic damages is barred by the economic loss rule).

19        Finally, the Court does not find that any exceptions to the

20  economic loss rule apply.  See Robinson, 34 Cal. 4th at 988-89.

21  Plaintiff has not pled any special or confidential relationships,

22  physical injuries, harms to a third party, breaches of a duty not

23  to commit intentional torts, violation of any social policy, or

24  reckless or intentional causation of unmitigable harms.  Id. at 990

25  (citing Erlich, 21 Cal. 4th at 553-554).  In keeping with the

26  California Supreme Court's instruction that the Court

27  "comprehensively . . . consider the implications of [its] holdings"

28  before allowing tort claims to invade contractual relationships,

**United States District Court**
For the Northern District of California

1   <u>Foley</u>, 47 Cal. 3d at 688, the Court also finds that to allow tort

2   claims in this case would impermissibly blur the distinction

3   between tort and contract, and encourage every putative contract

4   plaintiff to piggyback conclusory fraud claims atop what should

5   rightly be a contract case.

6        The Court GRANTS Defendants' motion for judgment on the

7   pleadings as to Plaintiff's intentional misrepresentation,

8   concealment, and breach of warranty claims.  The Court notes that

9   this holding does not preclude Plaintiff from recovering for its

10  economic losses.  It only makes clear that the Plaintiff must

11  recover them in contract, not tort.

12        **f.   <u>Plaintiff's Motion for Leave to File an Amended</u>**

13            **<u>Complaint</u>**

14        Plaintiff filed a motion for leave to file a second amended

15  complaint ("SAC"), despite the fact that the Court had not yet

16  ruled on Defendants' pending motions.  This Plaintiff may do, and

17  the Court gives Plaintiff leave to file an amended complaint

18  subject to the following limitations: (1) Plaintiff may not add

19  South Shore, NCB, or any individuals as defendants; (2) Plaintiff

20  may only plead a breach of contract claim.  Plaintiff's proposed

21  SAC does not comport with these limitations.  However, Plaintiff

22  may file another SAC that does.

23

24  **IV.   <u>CONCLUSION</u>**

25        For the reasons explained above, Defendants South Shore

26  Systems LLC and S.A. Langmack Company's (a.k.a. "Niagara Custom

27  Built Manufacturing Company") motion to dismiss Plaintiff Wine

28

**United States District Court**
For the Northern District of California

1  Bottle Recycling LLC's First Amended Complaint for lack of personal

2  jurisdiction is GRANTED as to those Defendants.

3      Defendants' motion for judgment on the pleadings is GRANTED,

4  but as noted above, the Court grants Plaintiff leave to file a

5  second amended complaint subject to this Order's guidance.

6      Plaintiff is doubly on notice of the requirement that it

7  follow the rules of procedure as this case proceeds.  Failure to do

8  so may result in Rule 11 sanctions and dismissal of this case with

9  prejudice.

10

11      IT IS SO ORDERED.

12

13      Dated: September 26, 2013

14                                  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12