IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE BOTTLE RECYCLING, LLC, | ) Case No. C-12-1924 SC ) ORDER RE: SANCTIONS |
| Plaintiff, | ) |
| v. | ) |
| NIAGARA SYSTEMS LLC, et al., | ) |
| Defendants. | ) |

On January 10, 2014, the Court held a pretrial conference and a show-cause hearing in the above-captioned action. The Court had ordered Plaintiff Wine Bottle Recycling, LLC to show cause why its continuing failure to adhere rigidly to Court orders and rules of procedure did not warrant sanctions. See ECF No. 107 ("OSC"). The parties explained their positions in open court, and the Court determined that sanctions, pursuant to the Court's inherent powers or 28 U.S.C. § 1927, would be appropriate in this case. The Court asked Defendant Niagara Systems, LLC -- the sole remaining defendant in this case -- to submit a bill of costs related to its responses to Plaintiff's deficient and prejudicial filings, which it did. ECF No. 142. By this point it was also obvious to the Court that this case was not ready for trial.

Some mistakes during the course of litigation are predictable and forgivable. But when those mistakes are repeated, litigation is unnecessarily protracted, and the litigants are prejudiced. Plaintiff's prosecution of this case has been littered with such mistakes. Defendant has clearly been prejudiced to some degree, and time the Court has spent dealing with Plaintiff's mistakes is time taken from other cases on the docket. However, in this instance the Court cannot find evidence on the record that Plaintiff's counsel acted in bad faith, recklessly, or frivolously -- all findings required for the Court to issue sanctions, whether under its inherent powers, Rule 11, or 28 U.S.C. § 1927. Negligent lawyering is not necessarily frivolous, reckless, or bad faith lawyering. The Court therefore lacks the legal authority to sanction Plaintiff's counsel.[1] However, given this case's long history, the Court finds that if Plaintiff's counsel continues to fail to follow rules and orders precisely, it is likely that the only possible explanation will be bad faith. In other words: Plaintiff has one last chance.

This case involves only two parties and one claim. It is not complicated. As both parties should note, throughout the pretrial process the Court has repeatedly found that there is a real dispute in these facts. The case could very easily be tried or settled. The Court therefore refers this case to a magistrate judge for

---

[1] The Court also notes that Defendant's bill of costs was excessive and not itemized in a way that would allow the Court to analyze the billing and fairly allocate costs to a sanctioned party. Block billing reports that do not provide hourly rates and attorney task descriptions are sometimes not transparent enough for courts to analyze fully. Further, some of Defendant's rates and hours seem excessive for the task, and in such cases it would be difficult for the Court to award fees or costs reasonably and fairly.

settlement discussions.  Further, a trial-setting conference in this case is set for May 2, 2014.  If the parties settle the case before then, they shall inform the Court immediately.  If they do not settle the case, any further pretrial disputes, including discovery matters, will be referred to a magistrate judge for resolution prior to the Court's trial-setting conference and subsequent trial.

    Both parties are on notice that any further lateness or failure to adhere to court orders or procedural rules will result in this case's dismissal with prejudice and potential sanctions.

    IT IS SO ORDERED.

Dated: February 21, 2014

_____
UNITED STATES DISTRICT JUDGE